UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN HOME ASSURANCE CO. and
NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURGH, PA,

    Plaintiffs,
v.                                Case No. 8:11-cv-1278-T-33AEP

ARROW TERMINALS, INC., EVERETTE
AVENUE TOWNHOMES, LLC, and KEITH
WILLETT,

    Defendants.
_____/

### ORDER

This matter comes before the Court pursuant to Plaintiff National Union's Motion to Dismiss Defendant Keith A. Willett's Counterclaim against National Union Fire Insurance Co. of Pittsburgh, PA (Doc. # 23), filed on August 15, 2011. Defendant/Counter Plaintiff Keith Willett filed a Response to the Motion on August 29, 2011 (Doc. # 28). National Union filed a Reply in support of its Motion on September 12, 2011 (Doc. # 33). For the reasons that follow, the Court grants the Motion.

I.    **Background and Procedural History**

This suit arises from the presence of allegedly defective drywall manufactured in China in townhomes developed by Defendant Everette Townhomes and in a townhome purchased by Willett. (Doc. # 1 at ¶ 12). The drywall was installed by

nonparty Harrell's Drywall, Inc., which purchased the material from Defendant Arrow Terminals. (Id. at ¶ 13). Based upon scientific testing, Everette determined that the drywall interacts with HVAC coils, certain electrical components and other materials such that it interferes with the ability to reside in or sell the townhomes. (Id.). Willett's townhome was completed in September 2008, and he discovered problems relating to the defective drywall after taking possession. (Id. at ¶¶ 20-21).

In 2010, Everette filed suit against Arrow in state court alleging property damage related to the presence of the defective drywall and asserting claims for negligence and civil conspiracy. (Id. at ¶¶ 12, 14). In July 2010, Willett also filed suit against Arrow in state court alleging claims of products liability and breach of implied warranty of merchantability. (Id. at ¶¶ 19, 24).

Plaintiff American Home Assurance insured Arrow from April 1, 2006, through April 1, 2008, under Policies Nos. E060206 and E060207 (the "American Home Policies"). The American Home Policies provided comprehensive marine liability, marine terminals operator's liability (MTOL) and warehouseman's legal liability coverage in the amount of $10,000,000.00 per occurrence and in the aggregate for

property damage. National Union insured Arrow from April 1, 2008, through April 1, 2009, under Policy No. E060208 (the "National Union Policy"), providing similar coverage.

American Home and National Union filed suit in this Court on June 9, 2011, seeking a declaratory judgment with regard to their respective insurance coverage obligations under the American Home Policies and National Union Policy. (Id. at 1). In Count I, Plaintiffs allege that there is no coverage afforded Arrow under the policies. (Id. at ¶¶ 37-39). In Count II, Plaintiffs assert that the cost to repair, replace, remove and/or discard the defective drywall does not constitute property damage under the policies. (Id. at ¶¶ 40-45).

Count III alleges that coverage for the defective drywall itself is excluded, and Count IV alleges that coverage for damaged property is also excluded under the health hazard and/or pollution exclusions in the policies. (Id. at ¶¶ 46-54, 55-62). Counts V and VI allege that there is no coverage for property damage that was expected or intended or for civil conspiracy. (Id. at ¶¶ 63-67, 68-71).

Counts VII through IX assert that there is no coverage under the Personal and Advertising Injury, MTOL or warehouseman's legal liability coverage. (Id. at ¶¶ 73-76, 77-81, 82-87). Count X alleges that there is no coverage for

property damage that occurred outside the policies' effective period. (Id. at ¶¶ 88-94). Finally, in the alternative, Plaintiffs argue that any coverage afforded by the policies is in excess of other insurance (Count XI). (Id. at ¶¶ 95-97).

On July 26, 2011, Willett filed his Answer, Affirmative Defenses and Counterclaim against National Union. (Doc. # 18). Willett seeks a declaratory judgment that National Union has a duty to indemnify Arrow for damages that occurred during the policy period but do not constitute property damage (Count I) and a duty to indemnify Arrow for damages because the policies' exclusions are inapplicable (Count II). (Id. at ¶¶ 128-135, 136-145).

National Union filed its Motion to Dismiss Willett's Counterclaim on August 15, 2011. (Doc. # 23). Willett filed his response to the Motion on August 29, 2011 (Doc. # 28), and National Union filed a Reply in support of its Motion on September 12, 2011 (Doc. # 33). The Motion is ripe for this Court's review.

## II. Legal Standard

A motion to dismiss a counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated in the same manner as a motion to dismiss a complaint. Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla.

2005). On a motion to dismiss, this Court accepts as true all the allegations in the counterclaim and construes them in the light most favorable to the counter-claimant. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the counter-claimant with all reasonable inferences from the allegations in the counterclaim. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the counterclaim] and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a [counterclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). Courts are not "bound to accept as true a legal

conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[1] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider the various exhibits attached to the Complaint and Counterclaim without converting the Motion to Dismiss into one for summary judgment.

**III. Analysis**

In its Motion to Dismiss, National Union argues that Willett, a third-party claimant, cannot maintain a direct action against an insurer under Fla. Stat. § 627.4136. (Doc. # 23 at 3). The statute provides, in relevant part:

---

[1] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such a person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Fla. Stat. § 627.4136(1). Thus, National Union asserts, Willett must first obtain a settlement or verdict against Arrow before he can maintain a cause of action against National Union. (Doc. # 23 at 4). National Union argues that Willett must, at minimum, plead that the condition precedent defined in § 627.4136(1) has been met in order to survive a motion to dismiss. Colony Ins. Co. v. Total Contr. & Roofing, Inc., No. 10-23091-CIV, 2010 WL 5093663, at *2 (S.D. Fla. Dec. 8, 2010); see also Dollar Systems v. Elvia, 967 So.2d 447, 448 (Fla. 4th DCA 2007) (affirming trial court's dismissal of declaratory judgment action against insurer where claimant failed to meet the condition precedent of § 627.4136); Allstate Ins. Co. v. Stanley, 282 F. Supp. 2d 1342, 1344 (M.D. Fla. 2003) (finding that defendants could not maintain a declaratory judgment action against the insurer until they obtained a settlement or judgment against the insureds).

Willett responds that his counterclaim is compulsory and cannot be dismissed pursuant to Federal Rule of Civil

Procedure 13(a). (Doc. # 28 at 4). Willett argues that his counterclaim passes the "logical relationship" test for compulsory counterclaims adopted by the Eleventh Circuit in <u>Republic Health Corp. v. Lifemark Hospitals of Florida, Inc.</u>, 755 F.2d 1453 (11th Cir. 1985). Willett further asserts that § 627.4136(1) does not apply when the insurer, as opposed to the injured party, brings a declaratory judgment action. (Doc. # 28 at 5). Willett cites several cases for the proposition that an injured party has a right to defend or intervene in a declaratory judgment action brought by the insurer, such as the instant case. <u>See</u> <u>Monticello Ins. Co. v. Dynabilt Mfg. Co.</u>, 6:05-cv-548-Orl-19DAB, 2005 WL 3019241, at *3 (M.D. Fla. Nov. 10, 2005); <u>Tomlinson v. State Farm Fire & Cas. Co.</u>, 579 So.2d 211, 212 (Fla. 2d DCA 1991); <u>In re Haeger</u>, 221 B.R. 548, 551 (M.D. Fla. 1988).

In its Reply, National Union argues that Florida district courts have rejected Willett's arguments and consistently dismissed counterclaims for declaratory relief filed by third-party claimants against insurers. (Doc. # 33 at 1). In particular, National Union asserts that <u>Colony</u> is directly on point. (<u>Id.</u> at 1-2).

In <u>Colony</u>, an insurer filed a declaratory judgment action with regard to its obligations for claims arising from the

installation of Chinese drywall, naming third-party claimants as defendants. 2010 WL 5093663, at *1. The third-party claimants filed a counterclaim against the insurer for declaratory judgment, which the insurer moved to dismiss. Id. The third-party claimants argued that their counterclaim was compulsory and that § 627.4136(1) did not apply because the insurer initiated the action. Id. at *2. The court found, however, that the counterclaim was not compulsory because it was not ripe at the time it was filed and that third-party claimants can defend or intervene in a declaratory judgment initiated by an insurer but not raise their own claim. Id.

This Court finds the Colony decision persuasive. Indeed, the Colony court discussed the cases cited by Willett -- namely Monticello, Tomlinson and Haeger -- in finding that the third-party claimants could not maintain their cause of action. This Court agrees that the holdings in those cases are limited to a third-party's right to defend a declaratory judgment action filed by an insured.

The Court therefore finds that because § 627.4136(1) does not permit claims by third parties against insurers until a settlement or verdict against the insured is obtained, Willett did not have a claim against National Union when he filed his counterclaim. Thus, the counterclaim was not compulsory under

Rule 13 because it was not ripe at that time. The Court further finds that Willett must satisfy the condition precedent under § 627.4136(1) before raising a claim against National Union. Because he has not yet done so, the Court grants National Union's Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiff National Union's Motion to Dismiss Defendant Keith A. Willett's Counterclaim against National Union Fire Insurance Co. of Pittsburgh, PA (Doc. # 23) is **GRANTED**. Defendant Keith Willett's Counterclaim is dismissed without prejudice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of December, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record