# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**AMERICAN HOME ASSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,**

    **Plaintiffs,**

v.                                                                       **Case No. 8:11-cv-1278-T-30AEP**

**ARROW TERMINALS, INC., EVERETTE AVENUE TOWNHOMES, LLC, KEITH A. WILLETT, et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Clarification and/or Reconsideration of the Court's Summary Judgment Order (Dkt. 111) and Defendant Everette Avenue Townhomes, LLC's Response in Opposition (Dkt. 112). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## DISCUSSION

On May 8, 2013, the Court entered an order on the parties' motions for summary judgment (Dkt. 110). The Court held that the exclusions claimed by Plaintiffs, specifically the pollution exclusion and the health hazard exclusion, did not relieve Plaintiffs of their duty

to defend Defendant Arrow Terminals, Inc. ("Arrow") against the claims made by Defendants Everette Avenue Townhomes, LLC, Keith A. Willett, and William and Stacy Peek in the respective underlying complaints.

Plaintiffs' motion for reconsideration improperly requests that the Court make additional rulings on issues that have no bearing on Plaintiffs' *duty to defend* Arrow. As the Court's summary judgment order made clear, the indemnification issues regarding covered damages are properly stayed pending the resolution of the underlying complaints. Thus, Plaintiffs' request for reconsideration of these issues is denied.

Plaintiffs' additional requests regarding clarification of the Court's order are also denied. The summary judgment order speaks for itself and the Court sees no reason to clarify its holdings contained therein.

Finally, Plaintiffs' terse request that the Court issue a final order for purposes of appeal is denied. Plaintiffs offer no legal support for their contention that the Court should certify the summary judgment order as a final order. Notably, as the order makes clear, it does not dispose of all of the issues in this case because the duty to indemnify is still pending. Also, Plaintiffs offer no compelling reason to certify the order. Plaintiffs have been defending Arrow in the underlying complaints under a reservation of rights. Therefore, the Court's order preserves the status quo and does not prejudice Plaintiffs. The Court also sees no reason to allow piecemeal appellate review.

It is therefore ORDERED and ADJUDGED that Plaintiffs' Motion for Clarification and/or Reconsideration of the Court's Summary Judgment Order (Dkt. 111) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on June 19, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-1278.mtreconsider111.wpd